### THE STATE v. WILLIAM LOVELL.

1. A place of public resort, kept for the sale of pools upon horse-races, is a disorderly house.
2. Betting and holding stakes upon horse-races, to be run outside of this state, are misdemeanors within the Crimes Act, (*Rev.*, §§ 56, 57,) and a place of public resort, kept for the carrying on of such practices, is a disorderly house.

On *certiorari.*

The defendant was charged, by allegation in the Special Sessions of Hudson county, with keeping a disorderly house in that county, and upon his plea of not guilty, the court found facts similar to those found in the case against the same defendant just decided, and thereupon convicted him.

Upon this conviction, the defendant sued out a writ of *certiorari* to the Supreme Court, and there insisted that the facts found do not show him guilty of the crime specified.

Argued at February Term, 1877, before Justices SCUDDER and DIXON.

For the state, *A. Q. Garretson.*

For the defendant, *Herbert Stout* and *J. H. Lippincott.*

The opinion of the court was delivered by

Dixon, J. The decision of the former case against the same defendant fixes the decision of this. Lotteries for money are, by statute, (*Crimes Act, Rev.*, § 51,) common and public nuisances, and the sale of lottery tickets is a misdemeanor. *Crimes Act, Rev.*, § 52. Any place of public resort, kept for the habitual setting up of lotteries or sale of lottery tickets, must, therefore, be a disorderly house. *State v. Williams*, 1 *Vroom* 102. And of this character was the place of business of the defendant.

It was a disorderly house in another aspect. It was a public resort for persons to bet upon horse-races, and where the defendant held himself out as the stakeholder of the money wagered. The making of such bets and the holding of such stakes are misdemeanors. *Crimes Act, Rev.*, §§ 56, 57. It was urged that these statutes apply only to races in this state; but there is no reason for such contention. Horse-racing was not the evil which the legislature designed, by these enactments, to forbid. For that, punishment had been provided in Section 55. But it was the mischievous practice of gambling upon horse-races which the law-maker here intended to reach; and the injurious effects of that practice are in no way affected by the locality of the race. If there had been a purpose so to restrict the nature of the act made criminal, it would have been expressed as it is in the fifty-eighth section, prohibiting the making up of purses to be run for by horses at any place *in this state*. The absence of such a restriction indicates a design, which the courts will effectuate, to make the remedy as broad as the mischief.

The judgment should be affirmed, with costs.